5515.

(Court of Appeal, Parish of Orleans.)

## NEW ORLEANS SODA WATER COMPANY, LIMITED, vs. W. B. LEONARD.

A depositary or bailee is not an insurer, but is liable only in case of negligence. Held, that the facts of this case show no negligence.

Appeal from the Civil District Court, Division "C."

Dart, Kernan & Dart, for plaintiff and appellant.

Dodds & Hughes, for defendant and appellee.

ST. PAUL, J.—This is an action in damages to recover the value of a mule owned by plaintiff and stolen from defendant's pasture.

The Dstrict Judge found the case to be with defendant, and gave his reasons in writing, as follows:

"W. B. Leonard, the defendant, is and was the owner of a certain pasture located on the Metarie Road in the Parish of Jefferson, near the city limits. At that place he conducted a pasture where he received for rest and boarding animals not in use by their owners. For this service he received the usual compensation and gave the animals in his charge the attention usual in such business. His pasture was in proper condition as far as the evidence shows, at least, there is nothing in the evidence to show that it was not as well equipped with fence and barns as others in the business.

"The animal claimed to be lost was deposited with

him for hire, and he was bound to use the diligence exacted by law of what is usually called a bailee for hire.. This requires that he should not be guilty of negligence, that he should exercise the care usual with others in that business and perform all the services with even more diligence than a gratuitous bailee.

"It appears that he had in his employ, in charge of the place a faithful attendant; that the fences were in order, that all the animals including that of plaintiff were properly housed in a barn, and the gate leading thereto locked with chain and pad-lock which on the morning of the stealing of the mule was broken with force and violence. The mule apparently having been stolen at some time during the night and the discovery of that fact being learned early in the morning by the custodian who lived some distance from the barn in which the animal was impounded.

"Due diligence was shown in the attempt to recover the mule but it was evidently stolen and taken away by some one expert enough to conceal his tracks, as well as those of a horse that was stolen or taken away at the same time.

"I do not feel that a bailee for hire can in any wise be held liable as an insurer; he is, however liable for his negligence or his failure to equip his pasture with reasonable regard to animals in his charge. (See **Transportation Co. vs. N. O. Box Co., 6 Court of Appeal, 412.**) Of course a pasture can, by excessive cost, be made practically burglar or thief proof; but the law does not require more than usual and customary care displayed by good fences, secure locks and honest and reliable watchmen. This,

I feel, the defendant has displayed."

We think the conclusion thus reached by the District Judge is correct.

Judgment affirmed.

April 1st, 1912.

————o————

5549.

(Court of Appeal, Parish of Orleans.)